**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DR. BRETT STEELE )<br>6116 Beech Tree Drive )<br>Alexandria, VA 22310, )<br>         )<br>     Plaintiff, )<br>         )<br>     v. )<br>         )<br>HERMAN MEYER, Dean of Students, )<br>College of International Security Affairs of )<br>National Defense University )<br>300 Fifth Avenue, Building 62 )<br>Fort Lesley J. McNair )<br>Washington, DC 20319-5066 )<br>*(in his personal capacity)* )<br>         )<br>and )<br>         )<br>DR. CRAIG DEARE, Dean of Administration, )<br>College of International Security Affairs of )<br>National Defense University )<br>300 Fifth Avenue, Building 62 )<br>Fort Lesley J. McNair )<br>Washington, DC 20319-5066 )<br>*(in his personal capacity)* )<br>         )<br>     Defendants. )<br>         ) | Civil Action No.: 12-1867 |

# EXHIBIT A



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

14 pgs

Dr BRETT STEELE
Vs.
HERMAN MEYER

C.A. No.   2012 CA 005300 B

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. This order is the only notice that parties and counsel will receive concerning this Conference.

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge LAURA A CORDERO
Date: August 2, 2012
Initial Conference: 9:30 am, Friday, November 02, 2012
Location: Courtroom A-50
515 5th Street N.W.
WASHINGTON, DC 20001

Caio.doc

**ENCLOSURE 3**

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case, D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Calo.doc



Superior Court of the District of Columbia
CIVIL DIVISION
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

DR. BLAIR STEELE
_____
Plaintiff

vs.

Case Number  0006300-12

HERMAN MEIER & DR. CHRIS DEANE
_____
Defendants

## SUMMONS

To the above named Defendant: HERMAN MEYER

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

DONNA WILLIAMS RUCKER
_____
Name of Plaintiff's Attorney

888 16th STREET, NW, SUITE 800
_____
Address

WASHINGTON DC  20006
_____

202.349.9830
_____
Telephone

By _____
Deputy Clerk

Clerk of the Court

Date  9/28/2012

如需翻译,请打电话 (202) 879-4828       Veuillez appeler au (202) 879-4828 pour une traduction       Dể có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요.       ያስተርጓሚ ከፈለጉ ለ (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                                                                              CASUM.doc

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
(Civil Division)

DR. BRETT STEELE
6116 Beech Tree Drive
Alexandria, VA 22310

    Plaintiff,

v.

HERMAN MEYER, Dean of Students,
College of International Security Affairs of
National Defense University
300 Fifth Avenue, Building 62
Fort Lesley J. McNair
Washington, DC 20319-5066
(In his personal capacity)

and

DR. CRAIG DEARE, Dean of Administration,
College of International Security Affairs of
National Defense University
300 Fifth Avenue, Building 62
Fort Lesley J. McNair
Washington, DC 20319-5066
(In his personal capacity)

    Defendants.

Civil Action No. _____

Jury Demanded  0006300-12

FILED
CIVIL ACTIONS BRANCH
AUG 02 2012
Superior Court
of the District of Columbia
Washington, DC

## COMPLAINT

COMES NOW the Plaintiff Dr. Brett Steele, by and through undersigned counsel, and sues Defendants Herman Meyer, Dean of Students, and Dr. Craig Deare, Dean of Administration, (collectively referenced herein as "Defendants") for violation of the District of Columbia's laws and statutes, and in support therefor, states as follows.



15. On or about March 18, 2011, Dr. Steele attended the meeting, but when he called upon his colleagues to join him, they responded that they had not been invited. Thus, Dr. Steele attended the meeting alone.

16. When Dr. Steele arrived at the meeting, the only participants were Colonel Bell, Dr. Bolanos and Dean Hanlon. No other professors were present. Dr. Steele was instructed to stop using any reference to economics in his Strategic Thought course.

17. Shortly after that meeting began, Colonel Bell began to scream and yell at Dr. Steele. Colonel Bell's abusive and unprofessional conduct toward Dr. Steele was without provocation and caused Dr. Steele a great amount of emotional distress and humiliation.

18. After the March 2011 meeting, Dr. Steele again adjusted his teaching method to accommodate the request that he not use any economics.

19. On or about May 18, 2011, Dr. Steele was called to attend a meeting called by Dean Hanlon, and Dean Bolanos and Dean Meyer were present.

20. At the May 2011 meeting, Dr. Steele was told by Dean Hanlon that he would be terminated and that Colonel Bell ordered her not to disclose the basis of the termination to Dr. Steele. Dean Hanlon further told him that his position would be terminated at the end of the summer semester, which concluded on August 17, 2011.

21. On or about August 2, 2011, at about 10:00 a.m., Dr. Steele received an email from Colonel Bell instructing Dr. Steele to meet him at his office at 11:00 a.m. Colonel Bell did not respond to Dr. Steele's inquiry as to the purpose of the meeting.

22. In light of how the March 2011 meeting with Colonel Bell ended, Dr. Steele sought the advice and appearance of a couple of colleagues. Dr. Steele's colleagues, who expressed concern about what Dr. Steele may encounter, would not agree to appear as a witness during the

August 2011 meeting.

23. During the August 2011 meeting, Colonel Bell would not give Dr. Steele permission to sit down and ordered him to remain standing. Eventually, Dr. Steele was allowed to sit while he took notes in order to be clear on Colonel Bell's instructions.

24. Soon thereafter, Colonel Bell became irate and began to berate and yell at Dr. Steele just as he did in the March 2011 meeting. In response to Colonel Bell's behavior, Dr. Steele stood up, calmly left the meeting to avoid be verbally attacked further, and proceeded to walk toward the closed door.

25. As he approached the door, Dean Meyer and Dean Deare, who were standing on each side of the door leading out to the hallway, blocked Dr. Steele from leaving, grabbed him and told him that the meeting was not over and that he "was not going anywhere." Colonel Bell continued to scream at Dr. Steele and told him that he would be placed on administrative leave.

26. When Dr. Steele reached for the door handle, Dean Meyer and Dean Deare each grabbed Dr. Steele on his arms and shoulders, each restrained him, refused to release him and prevented him from leaving the room. Dr. Steele was eventually able to break free from their grasp and escape from Colonel Bell's office.

27. Dr. Steele was assaulted, battered and falsely imprisoned by Dean Meyer and Dean Deare when they grabbed him and restrained him without his consent.

28. When Dr. Steele opened the door, he was met with a group of security officials and Military Police Officers, who obviously had been called in advance.

29. Dr. Steele was immediately told to surrender his CAC card, office key and ID badge and was escorted by Dr. Deare, Mr. Meyer, and armed Military Police Officers to his office.

30. After Dr. Steele removed his belongings from his office, he was then escorted

5

outside of Lincoln Hall by the Military Police Officers.

31. Prior to leaving the base and immediately after being escorted out of Lincoln Hall, Dr. Steele walked to the Fort McNair Police Station. There, he was examined by a Military Police Officer; he provided a statement to the Officer; and he filed an official complaint for assault and battery.

32. Dean Meyer's and Dean Deare's conduct caused Dr. Steele severe physical injury without Dr. Steele in anyway contributing thereto.

33. Soon after the August 2011 incident, Dr. Steele began to feel pain in his right shoulder. Dr. Steele was later diagnosed with a torn rotator cuff.

34. Dr. Steele's rights were violated by Dean Meyer and Dean Deare.

## CAUSES OF ACTION

### Count I
### False Imprisonment

35. Plaintiff hereby incorporates, by reference hereto, the facts, law, and/or allegations contained within the preceding paragraphs, as fully set forth herein.

36. Dean Meyer and Dean Deare wrongfully detained Dr. Steele, by physically restraining him against his will and preventing him from leaving Colonel Bell's office.

37. Dr. Steele at no time consented to his restriction, which lasted for an unreasonable period of time.

38. There was no lawful reason to detain Dr. Steele, and Dean Meyer and Dean Deare used unnecessary force to affect the illegal detainment of Dr. Steele against his will.

39. Dr. Steele sustained physical, psychological and emotional injuries, which are permanent in nature, and he was humiliated when he was illegally detained by Dean Meyer and Dean Deare, who knew or should have known, that said detainment was without cause and

illegal.

40. Dean Meyer's and Dean Deare's actions against Dr. Steele were done with malice, and their conduct was intentional and egregious.

41. Because of the actions alleged herein, the continued employment of the Dean Meyer and Dean Deare presents a clear and present danger to staff and students of NDU and could result in further illegal use of force and violence by Dean Meyer and Dean Deare.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court:

    a. Award compensatory damages in excess of Two Hundred and Fifty Thousand Dollars ($250,000.00) against all Defendants jointly and severely;

    b. Award of punitive damages in excess of Five Hundred Thousand Dollars ($500,000.00) in light of the extraordinary circumstances of this case, which includes the Defendants' reckless and willful disregard of Plaintiff's rights and in knowing violation of the state laws prohibiting their conduct against all Defendants jointly and severely;

    c. Award reasonable attorney fees, costs and expenses incurred for this action, as well as pre- and post-judgment interest as against all Defendants jointly and severely;

    d. Declaratory and injunctive relief; and

    e. Such other and further relief as this Court deems just and proper.

### Count II
### Assault and Battery

42. Plaintiff hereby incorporates, by reference hereto, the facts, law, and/or allegations contained within the preceding paragraphs, as fully set forth herein.

43. Dean Meyer and Dean Deare assaulted and battered Dr. Steele, without his consent,

7

when Dr. Steele was grabbed and forcibly restrained.

44. All actions complained of placed Dr. Steele in fear of imminent bodily harm and resulted in Dean Meyer and Dean Deare battering Dr. Steele.

45. Dean Meyer's and Dean Deare's actions were intentional and constitute, under D.C. Code § 5-123.02, an assault and battery.

46. As a result of the Dean Meyer's and Dean Deare's assault and battery, Dr. Steele was injured and did in fact suffer physical harm, psychological and emotional injuries, and distress.

47. Dr. Steele sought, and is receiving, medical care for the injuries sustained as a result of the Dean Meyer's and Dean Deare's intentional actions, and his injuries are permanent in nature.

48. Dr. Steele suffered, and continues to suffer, serious physical injuries, psychological distress and emotional anguish, has incurred, and continues to incur, medical and related expenses, has lost wage earning opportunities and has suffered a severe diminishment in his quality of life, all without any negligence on the part of the Dr. Steele contributing thereto.

49. Dean Meyer and Dean Deare carried out their actions against Dr. Steele with malice and said conduct was intentional, egregious and without cause or provocation on Dr. Steele's part.

50. Because of the actions alleged herein, the continued employment of the Dean Meyer and Dean Deare presents a clear and present danger to staff and students of NDU and could result in further illegal use of force and violence by Dean Meyer and Dean Deare.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court:

    a. Award compensatory damages in excess of Two Hundred and Fifty Thousand Dollars ($250,000.00) against all Defendants jointly and severely;

8

b. Award of punitive damages in excess of Five Hundred Thousand Dollars ($500,000.00) in light of the extraordinary circumstances of this case, which includes the Defendants' reckless and willful disregard of Plaintiff's rights and in knowing violation of the state laws prohibiting their conduct against all Defendants jointly and severely;

c. Award reasonable attorney fees, costs and expenses incurred for this action, as well as pre- and post-judgment interest as against all Defendants jointly and severely;

d. Declaratory and injunctive relief; and

e. Such other and further relief as this Court deems just and proper.

### Count III
### (Negligent Infliction of Emotional Distress)

51. Plaintiff hereby incorporates, by reference hereto, the facts, law, and/or allegations contained within the preceding paragraphs, as fully set forth herein.

52. Each Defendant had a duty to act reasonably and with due care in their interactions with Dr. Steele.

53. Nevertheless Dean Meyer and Dean Deare acted with such extreme and outrageous conduct when they falsely imprisoned Dr. Steele, and used force to effectuate the same.

54. As a direct and proximate result of Defendants' negligence, Dr. Steele suffered extreme emotional distress and embarrassment and incurred physical injuries, all without any negligence on the part of Dr. Steele contributing thereto.

55. Dean Meyer and Dean Deare carried out their actions against Dr. Steele with malice and their conduct was intentional and egregious.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court:

9

a. Award compensatory damages in excess of Two Hundred and Fifty Thousand Dollars ($250,000.00) against all Defendants jointly and severely;

b. Award of punitive damages in excess of Five Hundred Thousand Dollars ($500,000.00) in light of the extraordinary circumstances of this case, which includes the Defendants' reckless and willful disregard of Plaintiff's rights and in knowing violation of the state laws prohibiting their conduct against all Defendants jointly and severely;

c. Award reasonable attorney fees, costs and expenses incurred for this action, as well as pre- and post-judgment interest as against all Defendants jointly and severely;

d. Declaratory and injunctive relief; and

e. Such other and further relief as this Court deems just and proper.

### Count IV
(Intentional Infliction of Emotional Distress)

56. Plaintiff hereby incorporates, by reference hereto, the facts, law, and/or allegations contained within the preceding paragraphs, as fully set forth herein.

57. Dean Meyer's and Dean Deare's actions were intentional and caused Plaintiff an extreme amount of emotional anguish, psychological distress, embarrassment and humiliation. Dr. Steele experienced a loss of appetite, sleeplessness and overall stress.

58. Nevertheless Dean Meyer and Dean Deare acted with such extreme and outrageous conduct when they falsely imprisoned Dr. Steele and used force to effectuate the same.

59. As a direct and proximate result of Dean Meyer's and Dean Deare's intentional actions, Dr. Steele suffered physical injury, extreme psychological distress and emotional anguish, all without any negligence on the part of the Dr. Steele contributing thereto.

60. Dean Meyer and Dean Deare carried out their actions against Dr. Steele with malice and their conduct was intentional and egregious.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court:

a. Award compensatory damages in excess of Two Hundred and Fifty Thousand Dollars ($250,000.00) against all Defendants jointly and severely;

b. Award of punitive damages in excess of Five Hundred Thousand Dollars ($500,000.00) in light of the extraordinary circumstances of this case, which includes the Defendants' reckless and willful disregard of Plaintiff's rights and in knowing violation of the state laws prohibiting their conduct against all Defendants jointly and severely;

c. Award reasonable attorney fees, costs and expenses incurred for this action, as well as pre- and post-judgment interest as against all Defendants jointly and severely;

d. Declaratory and injunctive relief; and

e. Such other and further relief as this Court deems just and proper.

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

DR. BRETT STEELE  Case Number: 0006300-12

vs  Date: 08.02.2012

HERMAN MEYER & CRAIG DEARE  ☐ One of the defendants is being sued in their official capacity.

| | |
|---|---|
| Name: *(Please Print)* DOANA WILLIAMS RUCKER | Relationship to Lawsuit |
| Firm Name: RUCKER & ASSOCIATES, P.C. | ☑ Attorney for Plaintiff |
| Telephone No.: 202.349.9830  Six digit Unified Bar No.: 446713 | ☐ Self (Pro Se) ☐ Other: |

TYPE OF CASE: ☐ Non-Jury  ☑ 6 Person Jury  ☐ 12 Person Jury
Demand: $ in excess of $350,000.00  Other:

PENDING CASE(S) RELATED TO THE ACTION BEING FILED
Case No.: ———  Judge: ———  Calendar #: ———

Case No.: ———  Judge: ———  Calendar #: ———

NATURE OF SUIT:  *(Check One Box Only)*

**A. CONTRACTS**                                                           **COLLECTION CASES**

☐ 01 Breach of Contract       ☐ 07 Personal Property         ☐ 14 Under $25,000 Pltf. Grants Consent
☐ 02 Breach of Warranty       ☐ 09 Real Property-Real Estate ☐ 16 Under $25,000 Consent Denied
☐ 06 Negotiable Instrument    ☐ 12 Specific Performance      ☐ 17 OVER $25,000
☐ 15 Special Education Fees   ☐ 13 Employment Discrimination

**B. PROPERTY TORTS**

☐ 01 Automobile               ☐ 03 Destruction of Private Property  ☐ 05 Trespass
☐ 02 Conversion               ☐ 04 Property Damage                  ☐ 06 Traffic Adjudication
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

**C. PERSONAL TORTS**

☐ 01 Abuse of Process         ☐ 09 Harassment                   ☐ 17 Personal Injury - (Not Automobile,
☐ 02 Alienation of Affection  ☐ 10 Invasion of Privacy              Not Malpractice)
☑ 03 Assault and Battery      ☐ 11 Libel and Slander            ☐ 18 Wrongful Death (Not Malpractice)
☐ 04 Automobile- Personal Injury ☐ 12 Malicious Interference    ☐ 19 Wrongful Eviction
☐ 05 Deceit (Misrepresentation) ☐ 13 Malicious Prosecution      ☐ 20 Friendly Suit
☐ 06 False Accusation         ☐ 14 Malpractice Legal            ☐ 21 Asbestos
☐ 07 False Arrest             ☐ 15 Malpractice Medical (Including Wrongful Death) ☐ 22 Toxic/Mass Torts
☐ 08 Fraud                    ☐ 16 Negligence- (Not Automobile, ☐ 23 Tobacco
                                  Not Malpractice)              ☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE ☑ IF USED

CV-496/May 12

## Information Sheet, Continued

**C. OTHERS**

I.
- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 04 Condemnation (Emin. Domain)
- ☐ 05 Ejectment
- ☐ 07 Insurance/Subrogation Under $25,000 Pltf. Grants Consent
- ☐ 08 Quiet Title
- ☐ 09 Special Writ/Warrants (DC Code § 11-941)
- ☐ 10 T.R.O./ Injunction
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment
- ☐ 17 Merit Personnel Act (OEA) (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability
- ☐ 24 Application to Confirm, Modify, Vacate Arbitration Award (DC Code § 16-4315)
- ☐ 25 Liens: Tax/Water Consent Granted
- ☐ 26 Insurance/ Subrogation Under $25,000 Consent Denied
- ☐ 27 Insurance/ Subrogation Over $25,000
- ☐ 28 Motion to Confirm Arbitration Award (Collection Cases Only)
- ☐ 26 Merit Personnel Act (OHR)
- ☐ 30 Liens: Tax/ Water Consent Denied
- ☐ 31 Housing Code Regulations

II.
- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage Certificate
- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as Judgment [ D.C. Code § 2-1802.03 (h) or 32-1519 (a)]
- ☐ 20 Master Meter (D.C. Code § 42-3301, et seq.)
- ☐ 21 Petition for Subpoena [Rule 28-I (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a) (1) (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

_____  
Attorney's Signature

08.02.2012  
Date

CV-496/May 12